| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF GREENVILLE | ) | |

FILED-CLERK OF COURT
GREENVILLE CO. S.C.
PAUL B. WICKENSIMER

2014 SEP 30 PM 4 40

Neil Caesar and Courtney Kyle

Plaintiff(s)

vs.

Walgreens Pharmacy #1252, and Walgreens Co., d/b/a Walgreens Pharmacy #1252

Defendant(s)

CIVIL ACTION COVERSHEET

2014-CP-23-5437

| Submitted By: Joe Mooneyham | SC Bar #: | 4041 |
|---|---|---|
| Address: 1225 S. Church St. | Telephone #: | 864-421-0036 |
| Greenville, South Carolina 29605 | Fax #: | 864-421-9060 |
| | Other: | |
| | E-mail: | joe@mbllc.com |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)

*If Action is Judgment/Settlement do not complete*

☒ JURY TRIAL demanded in complaint.     ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 20____-CP-____-_____ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☒ Notice/ File Med Mal (230) | ☒ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |

| Special/Complex /Other | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | ☐ Other (999) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Other (799) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| | ☐ Sexual Predator (510) | | |

Submitting Party Signature: _[signature]_     Date: September 29, 2014

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

**Exhibit A**

SCCA / 234 (06/2013)     Page 1 of 2

## FOR MANDATED ADR COUNTIES ONLY

Aiken, Allendale, Anderson, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Cherokee, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Greenville, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Oconee, Orangeburg, Pickens, Richland, Spartanburg, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR. Failure to do so may affect your case or may result in sanctions.**

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | |
| | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF GREENVILLE | ) | |
| Neil Caesar and Courtney Kyle, | ) | C.A. No.: 2014-CP-23-5437 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| Walgreens Pharmacy #1252, and | ) | |
| Walgreen Co., d/b/a Walgreens Pharmacy | ) | |
| #1252 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

FILED-CLERK OF COURT
GREENVILLE CO. S.C.
PAUL B. WICKENSIMER
2014 SEP 30 PM 4 40

The plaintiffs would allege that:

1. They are husband and wife, and are citizens and residents of Greenville County, South Carolina.

2. The plaintiffs are informed and believe that Defendant Walgreens Pharmacy #1252 is a franchisee of Walgreens Co. Walgreens Pharmacy #1252's principal place of business is located in Greenville, South Carolina where it operates a pharmacy.

3. The plaintiffs are informed and believe that Defendant Walgreen Co. is a foreign corporation with its principal place of business in Deerfield, Illinois. It does business as Walgreens Pharmacy in numerous locations in South Carolina, including a location in Greenville, South Carolina designated as Store #1252.

4. The plaintiffs are informed and believe that this court has jurisdiction of the parties and the subject matter herein.

5. The acts and omissions of Walgreens Pharmacy #1252 combined and concurred with the actions and omissions of Walgreens Co. to cause the plaintiffs damages, and the defendants are therefore jointly and severally liable for their injuries.

6. The plaintiffs filed Notice of Intent to File Suit in this matter on April 21, 2014, with the documents required by statute. The matter was mediated August 7, 2014, and resulted in an impasse. The plaintiffs timely filed this Complaint.

## FACTS

7. Ms. Kyle and Mr. Caesar, determined after their marriage that they would be unable to conceive a child coitally, and therefore elected to attempt to become parents through *in vitro* fertilization (*IVF*) in 2010.

8. As a matter of routine, Ms. Kyle's thyroid stimulating hormone (TSH) levels were tested prior to the initiation of the *IVF* process. Her TSH levels were found to be high, which can lead to problems with conception.

9. Ms. Kyle's physician, Dr. Paul Miller, prescribed 50 mcg levothyroxine in order to get Ms. Kyle's TSH level to an optimum number for conception.

10. Ms. Kyle initially filled her prescription at Walgreens Store #1252 in May of 2010. She refilled it on numerous occasions subsequently at this location.

11. Ms. Kyle was given a 150 mcg dosage of levothyroxine, which is three times the dosage prescribed by Dr. Paul Miller. This same dosage was given to Ms. Kyle each month from May 2010 through August 2010.

12. Employees, agents and servants of the defendant therefore misread the prescription, failed to confirm it or otherwise were negligent in their handling of Ms. Kyle's prescription, despite their duty to take reasonable steps to fill her prescription accurately.

13. Agents and servants of the defendant had multiple opportunities to correct their error, as Ms. Kyle refilled her prescription repeatedly over time at the same pharmacy.

14. Despite those opportunities, Walgreen Pharmacy's employees, agents and servants failed to correct their error, and did not correctly fill the prescription until their mistake was brought to their attention after a re-check of Ms. Kyle's blood chemistry.

15. Due to the extreme overdose of levothyroxine, Ms. Kyle's levels became markedly suppressed, dropping to a level of 0.006. Optimal levels for conception and implantation are between 1 and 2.

16. The overdose of levothyroxine given to Ms. Kyle by Walgreens Pharmacy led to the dramatic drop in her TSH levels.

17. Ms. Kyle underwent two efforts at *IVF,* one in May 2010, and one in September 2010, both of which efforts failed before the dosage error was discovered in September 2010.

18. Prior to his marriage to Ms. Kyle, Mr. Caesar had undergone medical treatment which rendered him physically incapable of providing genetic material for conception through normal means.

19. In order for Mr. Caesar to provide genetic material, he underwent a surgical procedure for the harvesting of sperm directly from his testicle.

20. By the time Walgreens Pharmacy's error in filling Ms. Kyle's prescription was discovered, Ms. Kyle and Mr. Caesar had made multiple attempts at *IVF.* Mr. Caesar's sperm supply had been exhausted and Mr. Caesar and Ms. Kyle had lost the opportunity to have a child with their genetic make-up.

### For a First Cause of Action
### (Courtney Kyle)

21. The plaintiffs repeat the allegations of the previous paragraphs of their complaint as if repeated fully here verbatim.

22. As a proximate result of the defendant's failure to fill her prescription accurately, Ms. Kyle suffered damages for personal injury, included but not limited to:

   a. Extensive pain, mental anguish and discomfort;

   b. Inability to carry on her normal activities;

   c. Medical costs associated with correction of her thyroid levels;

   d. Temporary loss of her hair;

   e. The other physical symptoms associated with hyperthyroidism;

   f. The costs associated with failed *in vitro* fertilization;

   g. Time and wages lost from her gainful employment; and,

   h. Loss of enjoyment of life.

23. Ms. Kyle is therefore informed and believes that she is entitled to judgment against the defendant for actual and punitive damages.

### For a Second Cause of Action
### (Neil Caesar)

24. The plaintiffs repeat the allegations of the previous paragraphs of their complaint as if repeated fully here verbatim.

25. As a proximate result of the defendant's failure to fill his wife's prescription accurately, Mr. Caesar suffered damages for personal injury, included but not limited to:

   a. Extensive pain, mental anguish and discomfort;

   b. The costs associated with failed *in vitro* fertilization;

   c. The costs associated with surgical harvesting of his genetic material;

   d. Time and wages lost from his gainful employment;

   e. Otherwise unnecessary disfigurement and scarring; and,

   f. Loss of enjoyment of life.

26.     Mr. Caesar is therefore informed and believes that he is entitled to judgment against the defendant for actual and punitive damages.

### For a Third Cause of Action
### (Both Plaintiffs)

27.     The plaintiffs repeat the allegations of the previous paragraphs of their complaint as if repeated fully here verbatim.

28.     The plaintiffs, as has already been alleged, were engaged in the process of *in vitro* fertilization at the time of the alleged negligent and reckless acts and omissions of the defendant's employees, who failed repeatedly to fill Ms. Kyle's prescription accurately.

29.     The plaintiffs engaged in this process with the express purpose and goal of conceiving a child which was solely their genetic offspring.

30.     As a proximate result of the defendant's failure to fill Ms. Kyle's prescription accurately, in addition to the monetary and other damages suffered by the plaintiffs, they have been frustrated in their desire to have a child who is solely "their" offspring.

31.     As a result of that loss, both plaintiffs have suffered and will continue to suffer emotional loss in addition to the losses already alleged.

32.     The plaintiffs are therefore informed and believe they are entitled to judgment for actual and punitive damages.

### For a Forth Cause of Action
### (Both Plaintiffs)

33.     The plaintiffs repeat the allegations of the previous paragraphs of their complaint as if repeated fully here verbatim.

34.     The plaintiffs, as has already been alleged, were engaged in the process of *in vitro* fertilization at the time of the alleged negligent and reckless acts and omissions of the defendant's employees, who failed repeatedly to fill Ms. Kyle's prescription accurately.

35.     The plaintiffs engaged in this process with the express purpose and goal of conceiving a child which was solely their genetic offspring.

36.     At the time the plaintiffs discovered the mis-fill prescription, Mr. Caesar's sperm supply was depleted. Therefore, the plaintiffs were forced to seek an alternative option for reproduction.

37.     After much research, the plaintiffs selected the California Cyrobank Inc. to provide the plaintiffs with donor sperm.

38.     Unbeknownst to the plaintiffs, Ms. Kyle's eggs were fertilized with sperm that carried a genetic mutation. The mutation was transferred to the plaintiffs' son.

39.     The plaintiffs are informed and believe that their son's mutation was the proximate result of the acts and omissions of the defendant.

40.     As a result of the defendant's failure to fill Ms. Kyle's prescription, the plaintiffs gave birth to a son with a genetic mutation. The plaintiffs have incurred monetary damages, mental anguish, medical expenses, past, present, and future, costs associated with caring for a child with a genetic mutation, time and wages lost from having to care for their son and loss of enjoyment of life.

41.     The plaintiffs are therefore informed and believe they are entitled to judgment for actual and punitive damages against Walgreens.

## VICARIOUS LIABILITY

42. At all times relevant, Walgreens Pharmacy #1252 was a franchisee of Walgreens Co. Therefore, Walgreen Co. is vicariously liable for Walgreens Pharmacy #1252's omissions and actions pursuant to the legal doctrine of *respondeat superior*.

WHEREFORE, the plaintiffs pray for actual damages in an appropriate amount against the defendants individually and jointly and severally, for punitive damages against the defendants individually and jointly and severally, for the costs of this action, treble damages and for such other and further relief as the court deems just and proper.

MOONEYHAM BERRY, L.L.C.

Joe Mooneyham, S.C. Bar No. 004041
Attorneys for the Plaintiff
Post Office Box 8359
Greenville, South Carolina 29604
864.421.0036  Fax 864.421.9060
joe@mbllc.com

Greenville, South Carolina
September 24, 2014

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF GREENVILLE | ) | C.A. No.: 2014-CP-23-5437 |
| | | |
| Neil Caesar and Courtney Kyle, | ) | |
| | ) | **JURY TRIAL DEMAND** |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Walgreens Pharmacy #1252, and | ) | |
| Walgreen Co., d/b/a Walgreens Pharmacy | ) | |
| #1252, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pursuant to Rule 38(b) of the *South Carolina Rules of Civil Procedure*, the plaintiffs, by their undersigned attorney, demand a jury trial on all issues set forth in this cause

RESPECTFULLY SUBMITTED,

Mooneyham Berry, LLC

Joe Mooneyham, S.C. Bar ID 004041
Attorneys for the Plaintiff
Post Office Box 8359
Greenville, South Carolina 29604
864.421.0036  Fax 864.421.9060
joe@mbllc.com

Greenville, South Carolina
September 29, 2014

STATE OF SOUTH CAROLINA )  IN THE COURT OF COMMON PLEAS
                        )
COUNTY OF GREENVILLE    )  C.A. No.: 2014-CP-23-5437

Neil Caesar and Courtney Kyle,    )
                                  )    **SUMMONS**
          Plaintiffs,             )
                                  )
v.                                )
                                  )
Walgreens Pharmacy #1252, and     )
Walgreen Co., d/b/a Walgreens Pharmacy )
#1252                             )
                                  )
          Defendants.             )
_____   )

TO:   THE DEFENDANTS ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint in this action, a copy of which is hereby served upon you, and to serve a copy of your answer to the said complaint on the subscribers at their office, 1225 South Church, Greenville, South Carolina, 29604, within thirty (30) days after service thereof exclusive of the day of such service, and if you fail to answer the complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the complaint.

Mooneyham Berry, LLC

Joe Mooneyham, S.C. Bar ID 004041
Attorneys for the Plaintiff
Post Office Box 8359
Greenville, South Carolina 29604
864.421.0036  Fax 864.421.9060
joe@mbllc.com

Greenville, South Carolina
September 29, 2014

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF GREENVILLE ) | |
| ) | |
| Neil Caesar and Courtney Kyle, ) | FILE NO: 2014-CP-23-5437 |
| ) | |
| Plaintiffs, ) | |
| ) | CERTIFICATE OF SERVICE |
| v. ) | |
| ) | |
| Walgreens Pharmacy # 1252, Walgreen Co., ) | |
| d/b/a Walgreens Pharmacy #1252 ) | |
| ) | |
| Defendants. ) | |

I, Cody H. Rankin, of Mooneyham Berry, LLC with offices at 1225 S. Church Street, Greenville, South Carolina 29605, have this 1st day of October, 2014 served upon the defendants, Walgreens Pharmacy # 1252 and Walgreen Co. d/b/a Walgreens Pharmacy #1252, through their attorney, E. Raymond Moore, III, Esquire, a true and correct copy of *Summons and Complaint*, via U. S. Mail, with proper postage prepaid to the address below:

E. Raymond Moore, III, Esq.
Murphy & Grantland, P.A.
Post Office Box 6648
Columbia, South Carolina 29260

_____
Cody H. Rankin, SC Bar No. 100946
Mooneyham Berry, LLC
Post Office Box 8359
Greenville, South Carolina 29604
Phone: (864)421-0036
Fax: (864) 421-9060

Greenville, South Carolina

Date: 10/1/14

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> ) <br> COUNTY OF GREENVILLE ) | IN THE COURT OF COMMON PLEAS |
| Neil Caesar and Courtney Kyle, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> Walgreens Pharmacy # 1252, Walgreen Co., ) <br> d/b/a Walgreens Pharmacy #1252 ) <br> ) <br> Defendants. ) | FILE NO: 2014-CP-23-5437 <br><br> ACCPETANCE AND WAIVER OF PERSONAL SERVICE |

The undersigned, E. Raymond Moore, III, Esquire, acknowledges receipt of the Summons and Complaint in the above-referenced matter a copy of which was received via the United States Mail with sufficient postage attached on October ____, 2014. The undersigned represents that he has authority to, and accordingly does hereby, accept service of the same on behalf of Defendants Walgreens Pharmacy #1252 and Walgreens Co.

_____
E. Raymond Moore, III, Esquire
Attorney for Defendants