IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION
CASE NUMBER: 6:14cv4260-HMH

| | |
|---|---|
| Neil Caesar and Courtney Kyle,<br><br>                                              Plaintiffs,<br><br>v.<br><br>Walgreens Pharmacy #1252, Walgreen Co., d/b/a Walgreens Pharmacy #1252,<br>                                              Defendant. | **DEFENDANT WALGREEN CO.'S PARTIAL MOTION TO DISMISS** |

      The Defendant Walgreen Co. ("Walgreens") moves this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for dismissal of the second, third and fourth causes of action in Plaintiffs' Complaint in the above-referenced action on the basis the Complaint fails to allege facts sufficient to establish these cause of action. Plaintiffs allege that Walgreens employees misfilled a prescription and that the misfill resulted in two failed attempts at *in vitro* fertilization (IVF). Plaintiffs also allege that they depleted Plaintiff Caesar's sperm supply that was surgically collected in preparation for the IVF cycles. Therefore, they seek damages for frustration in their attempts to bear a child that is fully genetically "theirs." Lastly, Plaintiffs allege that they ultimately chose to pursue IVF through means of using donor sperm and that the child that they conceived through using the donor material has undefined genetic mutations. Thus, they seek damages relating to their living child's genetic mutations. Walgreens denies the allegations in the Complaint not otherwise admitted to in its Answer to the Complaint. However, even if all of the factual allegations in the Complaint are taken as true for purposes of this motion, Plaintiffs have failed to allege facts sufficient to support the second and third causes of action.

      For the second cause of action, the facts alleged in the Complaint do not support a claim that Walgreens had a pharmacist-patient relationship with Plaintiff Neil Caesar. Therefore, Walgreens

did not owe him any duty. See Bishop v. South Carolina Dept. of Mental Health, 331 S.C. 79, 502 S.E.2d 78 (1998). Furthermore, Plaintiff Caesar seeks damages for an elective procedure that he would have undergone (and did undergo) regardless of Walgreens' alleged conduct. Therefore, the Complaint does not allege any physical injuries proximately caused by Walgreen's conduct. See Hoard ex rel. Hoard v. Roper Hosp., Inc., 387 S.C. 539, 547, 694 S.E.2d 1, 5 (2010) ("Negligence is not actionable unless it is a proximate cause of the injuries, and it may be deemed a proximate cause only when without such negligence the injury would not have occurred or could have been avoided.") (citation omitted).

In the third cause of action, Plaintiffs seek recovery for filial loss of consortium for a "hoped for" child that is not recognized in South Carolina. See Doe v. Greenville County School District, 375 S.C. 63, 651 S.E.2d 305 (2007). To the extent that they seek something other than loss of filial consortium, the Complaint seeks recovery for "wrongful non-conception," which would not be recognized under South Carolina law for two reasons. First, damages would be unduly speculative. Second, because Plaintiffs later had a child they otherwise would not have been able to have if either of their two attempts at IVF had been successful, it would violate public policy to have a jury award damages in this case.

The fourth cause of action fails for reasons that overlap with both the second and third causes of action. Like the second cause of action, the Complaint fails to allege facts that show a causal link between the alleged misfill and the resulting birth of a child with genetic mutations. The Complaint alleges that Plaintiffs discovered the misfill *before* making the independent decision to attempt IVF through the use of donor material. The Complaint does not allege that the misfill itself caused any genetic mutations, but rather that the donor material that they chose to use after discovering the misfill had genetic mutations. Plaintiffs made this decision independent of any treatment resulting from the alleged misfill. Therefore, there is no proximate causal connection

between the conduct alleged against Walgreens and the harm resulting from their decision to pursue IVF through the use of donor material.

Plaintiffs' fourth cause of action is also impossibly speculative. In addition to having to prove scientifically that: 1) Plaintiffs could not have collected more genetic material to try to conceive a child that was genetically "theirs"; and 2) that the child they ultimately had has genetic mutations because of the donor material; and 3) that those genetic mutations cause actual harm, any damages award will be impermissibly speculative. The jury would have to determine whether the theoretical child that Plaintiffs hoped to conceive would have been healthy. Then, the jury would still have to value the living child's life against a theoretical child. These calculations are not only impossible, but an award that tells the living child that he is worth less than some theoretical child that never existed violates public policy.

For the reasons stated above, Defendant Walgreen Co. respectfully requests that Plaintiffs' second and third causes of action be dismissed for failure to allege facts sufficient to state a cause of action. This motion is supported by the Plaintiffs' Complaint and documents incorporated therein by reference, Defendant Walgreens' Memorandum in Support of Motion to Dismiss filed contemporaneously herewith, along with applicable law and cases as cited in Walgreens' Memorandum.

Respectfully submitted this 31[th] day of October, 2014.

                                                *s/E. Raymond Moore, III*
E. Raymond Moore, III, Esquire
Fed I.D. #6797
Wesley B. Sawyer, Esquire
Fed I.D. #11244
MURPHY & GRANTLAND, P.A.
Post Office Box 6648
Columbia, South Carolina 29260
Telephone: (803) 782-4100
Facsimile: (803) 782-4140 fax
ermoore@murphygrantland.com
**Attorneys for Defendant Walgreen Co.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**
**CASE NUMBER:**

| | |
|---|---|
| Neil Caesar and Courtney Kyle,<br><br>                                    Plaintiffs,<br><br>v.<br><br>Walgreens Pharmacy #1252, Walgreen Co.,<br>d/b/a Walgreens Pharmacy #1252,<br>                                    Defendant. | **CERTIFICATE OF SERVICE** |

      I hereby certify that on **this 31st day of October, 2014**, I have served a copy of the foregoing

**DEFENDANT WALGREEN CO.'S PARTIAL MOTION TO DISMISS** in connection with

the above-referenced case via PACER/ECF:

Joseph A. Mooneyham, Esquire
Mooneyham Berry & Karow, LLC
P.O. Box 8359
1225 South Church Street
Greenville, SC 29604

                                        *s/E. Raymond Moore, III*
                                        E. Raymond Moore, III, Esquire

4